# EXHIBIT "A"

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 24762757
Date: Apr 20 2009 12:39PM
Mark Harper Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

JOSEPH HAMILTON and DEEP
SOUTH WRESTLING, LLC,

    Plaintiffs,

vs.                                                                                   CIVIL ACTION FILE NO.

WORLD WRESTLING
ENTERTAINMENT, INC.,

    Defendant.

## COMPLAINT FOR DAMAGES

**COMES NOW,** JOSEPH HAMILTON and DEEP SOUTH WRESTLING, LLC, Plaintiffs in the above styled case, and respectfully show this Honorable Court as follows:

(1)

Plaintiff, Joseph Hamilton, a/k/a The Assassin, is a resident of the state of Georgia.

(2)

Plaintiff, Deep South Wrestling, LLC, (hereinafter referred to as DSW), is a Georgia corporation

(3)

Defendant, World Wrestling Entertainment, Inc., (hereinafter WWE), is a Delaware Corporation, with its principal office at 1241 Main Street, Stanford, CT 06902. WWE may be served with a copy of this Summons and Complaint by serving CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

(4)

Defendant, WWE, is subject to the jurisdiction and venue of this court

(5)

Defendant, WWE, has been properly served with this Summons and Complaint. (6)

Plaintiffs, Joseph Hamilton and WWE entered into a contract dated January 1, 2005, executed February 18, 2005.

(7)

Agreed upon compensation for the independent contractor consulting work was eighty thousand dollars ($80,000.00) per year, payable weekly.

(8)

Hamilton's primary duty under the contract was as the trainer for the development of the talent of individuals under services agreements with WWE.

(9)

At all times, up to the commencement of this action, Plaintiff Hamilton has been compliant with the terms and conditions of the agreement.

(10)

On or about February 15, 2005, DSW and WWE entered into a talent exchange agreement.

(11)

The consideration for DSW's performance was the sum of eighty thousand dollars ($80,000) per year, payable weekly subject to set offs in a promissory note executed by DSW in favor of WWE.

(12)

At all times up to the commencement of this action, Plaintiff DSW has been compliant with the terms and conditions of the agreement.

(13)

The mutual goal of the parties was to promote wrestling, WWE and the shared wrestling throughout the southeast through television, media exposure and live events.

(14)

The shared performances and independent contractors would appear for DSW at all media and live events. DSW would and did engage the southeastern television market to promote the shared talent.

(15)

Throughout the term of the party's agreement, DSW promoted video taped and contracted with television media to promote wrestling and the shared talent.

(16)

DSW programs with the direct approval and authorization of WWE were televised throughout the southeast United States and Canada.

(17)

On January 16, 2007, DSW and Joseph Hamilton contracted with Six Flags Over Georgia for live events at the Atlanta, Georgia location.

(18)

Hamilton and DSW coordinated with WWE for the use of the service, contracted wrestlers to appear at the Six Flags events.

(19)

DSW and Hamilton had additional contractual obligation for live events with the American Cancer Society and M.A.A.D.A. These live events would also be serviced by the shared wrestling talent.

(20)

On March 27, 2007, the parties through John Laurinaitis designated and assigned the performers for the Six Flag events.

(21)

On April 11th, 2007, WWE, Joseph Hamilton and DSW agreed on the specific talent to perform the contractual obligated performances.

(22)

The scheduled and agreed upon Six Flags events were as follows:

April 21, 2007 — The Miz

May 19, 2007 — Chris Masters

June 8, 2007 — Matt Hardy

July 13, 2007 — Chris Benoit

July 27, 2007 — William Regal and Dave Taylor

August 10, 2007 — Snitsky

(23)

The March 27, 2007, and April 11, 2007, statement from Laurinaitis and Bucci were false as WWE had elected to terminate its agreement with DSW prior to the representations.

(24)

Prior to April 18th, 2007, WWE elected to cease its business relationship with DSW. Both the contract of Joseph Hamilton and DSW provided for 90 day advance written notification.

(25)

On April 18, 2007, WWE stated in a press release that it had ended its relationship with DSW.

(26)

WWE arranged through an intentional and calculated method to coordinate the timing of its arrival at the premises of DSW in Georgia.

(27)

No notice was provided to Hamilton or DSW that WWE would be at the DSW location on April 18, 2007.

(28)

WWE made every effort to prevent Hamilton and DSW of knowing of its arrival. WWE plans were to remove all personal and computer information without Hamilton and DSW being present.

(29)

WWE arrived at the DSW location and removed wrestling rings, seating, computer hardware, software, and information belonging to DSW.

(30)

WWE advised all shared personnel that WWE was closing down Hamilton and DSW, they were being transferred and that each should have no further dealing with Hamilton or Deep South Wrestling or otherwise suffer significant consequences.

(31)

WWE's actions were intended and did in fact prevent DSW and Joseph Hamilton from performing their contractual agreement with Six Flags, M.A.A.D.A, and American Cancer Society, and others

(32)

WWE's actions were intentional, causing damages to DSW and Joseph Hamilton.

## CLAIMS OF JOSEPH HAMILTON

(33)

Hamilton incorporates paragraphs (1) through (32), as a part hereof.

## BREACH OF CONTRACT

(34)

WWE breached its contract with Hamilton resulting in damages at a rate of eighty thousand dollars ($80,000) per year, commencing from that date of the breach through December 31, 2007

(35)

Hamilton has been damaged as a result of WWE's breach of consulting agreement in the amount of fifty-six thousand six hundred sixty-six dollars ($56,666 00).

## INTENTIONAL INTERFERENCE WITH CONTACTUAL RIGHTS

(36)

Hamilton incorporates paragraph (1) through (35) as a part hereof

(37)

WWE's concerted clandestine actions in removal of the personal property, threatening the shared wrestlers with economic and career sanctions, demeaning Hamilton in the presence of the wrestlers and advising all present that WWE was shutting down

Hamilton and DSW was wrong and improper and intended to cause Hamilton harm and damages.

(38)

WWE acted with malice with the intent of injuring Joseph Hamilton.

(39)

Defendant, WWE, demanded and induced shared wrestlers to discontinue any ongoing obligation with DSW and Joseph Hamilton, including up and coming public promotions and events

(40)

As a result of WWE's actions, Joseph Hamilton suffered damages arising from the Six Flags, M.A A.D.A, American Cancer Society and other contracts.

(41)

Defendant's tortuous conduct proximately caused damages to Joseph Hamilton, int

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(42)

Hamilton incorporates paragraph (1) through (41) as a part hereof.

(43)

Defendant, WWE's intentional actions were intended to cause Joseph Hamilton severe emotional distress.

(44)

Hamilton suffered severe emotional distress from these actions.

(45)

Hamilton is entitled to recover for his pain and suffering arising out of the actions of the Defendant.

## **PUNITIVE DAMAGES**

(46)

The Defendant WWE's actions and conduct showed willful misconduct, malice, fraud, wantonness, oppression and an entire want of care which shows a conscious indifference to the consequences.

(47)

Plaintiff, Hamilton, is entitled to punitive damages to punish, deter or penalize WWE from its oppressive and intended behavior.

## CLAIMS OF DSW

## BREACH OF CONTRACT

(48)

Plaintiff DSW incorporates paragraphs one through 47 as a part hereof.

(49)

WWE breached its contract with DSW resulting in damages at a rate of eighty thousand dollars ($80,000) per year payable weekly. Plaintiff DSW is entitled to recover damages from WWE from April 18th, 2009 through the date of this filing.

(50)

DSW has been damaged as a result of this breach in an amount of three hundred twenty thousand dollars ($320,000.00).

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS

(51)

DSW incorporates paragraphs one through 50 as a part hereof.

(52)

WWE's concerted, clandestine actions in removal of the personal property, threatening the shared wrestlers with economic and career sanctions, demeaning Hamilton in the presence of the wrestlers and advising all present that WWE was shutting down Hamilton and DSW was wrong and improper and intended to cause DSW harm and damages.

(53)

WWE acted with malice with the intent of injuring DSW.

(54)

Defendant, WWE, demanded and induced shared wrestlers to discontinue any ongoing obligation, relationship or ongoing contractual or business relationship with DSW and Joseph Hamilton, including up and coming public promotions and events.

(55)

As a result of WWE's actions, DSW suffered damages arising from the Six Flags, M.A.A.D.A, American Cancer Society and other contracts.

(56)

Defendant's tortuous conduct proximately caused damages to DSW, and was intended.

## **PUNITIVE DAMAGES**

(57)

The Defendant WWE's actions and conduct showed willful misconduct, malice, fraud, wantonness, oppression and an entire want of care which shows a conscious indifference to the consequences.

(58)

Plaintiff, DSW, is entitled to punitive damages to punish, deter or penalize WWE from its oppressive and intended behavior.

**WHEREFORE** Plaintiff Joseph Hamilton prays:

a) That service and process issue

b) That he recover all damages, special and consequential, arising from the breach of contract;

c) That he recover from the Defendant all damages arising from the Defendants actions resulting from its interference with contractual rights;

d) That he recover general and special damages for pain and suffering arising from Defendants willful and intentional infliction of emotional distress;

e) That he recovers an amount of punitive damages from this defendant to deter any further wrong doing determined by a fair and impartial jury;

f) For any and all such other relief as this court deems just and proper; and

g) Demands a trial by jury on all issues.

**WHEREFORE** Plaintiff DSW prays:

a) That service and process issue

b) That DSW recover all damages, special and consequential, arising from the breach of contract;

c) That DSW recover from the Defendant all damages arising from the interference with contractual and business relations

d) That DSW recover an amount of punitive damages from this defendant to deter any further wrong doing determined by a fair and impartial jury;

e) For any and all such other relief as this court deems just and proper: and

f) A Demand for trial by jury.

Respectfully submitted,

THE LAW OFFICES OF
**MCGUIRE, CROHAN & 'CLINGER** *Not A Partnership*
1800 Peachtree Street, Suite 514
Atlanta, Georgia 30309
404-525-6800
404-351-8805 Facsimile

JAMES D. McGUIRE Georgia
State Bar No.: 493325 Counsel
for Plaintiff