IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH HAMILTON and DEEP     )
SOUTH WRESTLING, LLC,     )
     )
    Plaintiffs,     )
     )  Civil Action
v.     )
     )  File No. 1:09-cv-1559-HTW
WORLD WRESTLING     )
ENTERTAINMENT, INC.,     )
     )
    Defendant.     )
_____  )

## **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant World Wrestling Entertainment, Inc. ("WWE"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this brief in support of its motion to dismiss the complaint filed by plaintiffs Joseph Hamilton and Deep South Wrestling, LLC ("DSW").

## I. **INTRODUCTION**

From approximately 2005 to 2007, Plaintiffs operated a developmental wrestling promotion for the training of wrestlers under contract to WWE. After WWE terminated its relationship with Plaintiffs—a right of termination Plaintiffs admit WWE had under the parties' operative agreements—Plaintiffs filed this

baseless lawsuit.  At bottom, this is a misguided attempt to use litigation to lash out against WWE over disappointment with WWE's decision to terminate the parties' business relationship.  Such improper use of the judicial process should not be countenanced.

Indeed, Plaintiffs' Complaint is most notable for the absence of any allegations of wrongdoing by WWE.  According to the Complaint, WWE did precisely one thing relative to Plaintiffs—WWE terminated the parties' relationship, which Plaintiffs concede WWE had the right to do.  While the Complaint goes on to describe alleged consequences to arrangements between Plaintiffs and various third parties resulting from the termination, WWE is not alleged to have done anything, much less anything unlawful, with respect to any such third parties.  Lacking any basis for liability against WWE, Plaintiffs' Complaint should be dismissed with prejudice.

## II.  **FACTUAL BACKGROUND**

For purposes of this Motion only, the well-pled allegations of Plaintiffs' Complaint are taken as true.  On or about February 15, 2005, WWE and DSW entered into a talent exchange agreement.  Complaint ¶ 10.  Pursuant to the talent exchange agreement, DSW promoted wrestling shows primarily designed to train wrestlers under services agreements with WWE, who WWE had assigned to DSW

for training.  Id. at ¶¶ 8, 13-15.  Hamilton operated DSW and was the principal

trainer for the WWE-assigned wrestlers.  Id. at ¶ 8.  WWE and Hamilton entered

into a contract dated January 1, 2005 with respect to such consulting services.  Id.

at ¶¶ 6-7.

On or around January 16, 2007, DSW and Hamilton contracted with Six

Flags over Georgia for live events at the Atlanta, Georgia location.  Id. at ¶ 17.

DSW and Hamilton arranged for additional live events with the American Cancer

Society and M.A.A.D.A.  Hamilton allegedly coordinated with WWE for the

assignment of wrestlers for these events.  Id. at ¶¶ 18, 20-22.

Plaintiffs claim that prior to April 18, 2007, WWE elected to cease its

business relationship with DSW and Hamilton.  Id. at ¶¶ 24-25.  Plaintiffs further

claim that WWE came to the DSW location on April 18, 2007 and, allegedly

without prior notice to Plaintiffs, removed certain wrestling equipment and

computer hardware.  Id. at ¶¶ 27-29.  Additionally, Plaintiffs claim that WWE

advised its assigned wrestlers that they were being transferred and they should

have no further dealings with DSW or Hamilton.  Id. at ¶ 30

### III.  ARGUMENT

### A.  Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual

allegations "to raise a right to relief above the speculative level," and to "state a

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Ashcroft, 129 S. Ct. at 1948.

**B.     Hamilton Fails To State A Claim For Intentional Infliction Of Emotional Distress**

   **1.     Plaintiffs' Claim for Intentional Infliction of Emotional Distress is Time Barred by the Statute of Limitations**

Hamilton's claim for Intentional Infliction of Emotional Distress ("IIED") is time-barred.  IIED claims must be brought within two years after the right of action accrues." Smith v. Tandy Corp., 738 F. Supp. 521, 522 (S.D. Ga. 1990) ("The two-year statute of limitations includes actions for intentional infliction of emotional distress."); O.C.G.A. § 9-3-33 (2009).  "[T]he cause of action accrues and the statute begins to run from the time the act is committed." Smith, 738 F. Supp. at 522 (dismissing IIED claims as time-barred because the statute of limitations clock begins to run "when the plaintiff could first have maintained his action to a successful result.") (quoting Shapiro v. Southern Can Co., 185 Ga. App. 677, 678 (1988)).

By Plaintiffs' own admission in the Complaint, the alleged acts giving rise to Hamilton's IIED claim took place on or before April 17, 2007.  Specifically, Plaintiffs allege that "prior to April 18th, 2007, WWE elected to cease its business relationship with DSW" while on April 18, 2007 "WWE stated in a press release that it had ended its relationship with DSW" and WWE—supposedly without notice—went to DSW's location to remove various property and information.  See Complaint at ¶¶ 24-29.  Thus, the latest date on which any acts by WWE are alleged to have occurred was April 18, 2007.  Plaintiffs, however, did not file suit until April 20, 2009—more than two years after the statute of limitations began to run at the latest on April 18, 2007.  As such, Hamilton's IIED claim is time-barred and must be dismissed.

### 2.    Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress

In addition to being time-barred, Hamilton's IIED claim must be dismissed as a matter of law because even accepting all factual allegations as true for the purpose of this motion to dismiss, WWE's alleged actions do not rise to the level of extreme and outrageous conduct necessary to support an IIED claim.

A plaintiff's burden in an IIED claim is "a stringent one."  Blue View Corp. v. Bell, ---S.E.2d---, Nos. A09A0325, A09A0326, 2009 WL 1331490, at *1 (Ga. Ct. App. May 14, 2009), quoting Frank v. Fleet Finance Inc., 238 Ga. App. 316,

317-318 (1999).    Under Georgia law, to sustain an IIED claim, a plaintiff must prove that "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." Id.  Whether alleged conduct rises to the level of "extreme and outrageous" is a question of law, and is properly decided by a court on a motion to dismiss.  See, e.g., Willis v. United Family Life Ins., 226 Ga. App. 661, 666 (1998), cert. denied Jan. 5, 1998 (it was proper for the trial court to dismiss the IIED claim because whether the conduct was outrageous was a question of law); Gathright-Dietrich v. Atlanta Landmarks, Inc., No. 1:02-CV-1978, 2003 WL 1964799, at *2 (N.D. Ga. Apr. 22, 2003) ("Whether a claim [for IIED] rises to the requisite level of outrageousness and egregiousness is a question of law to be determined by the court."); Moe Dreams, LLC v. Sprock, No. 1:08-CV-0196-RWS, 2008 WL 4787493, at *9 (N.D. Ga. Oct. 27, 2008) (granting motion to dismiss because Plaintiffs "failed to allege conduct that could reasonably be characterized as extreme and outrageous").

The standard for "extreme and outrageous" conduct is exceedingly high.  A plaintiff may not recover for IIED unless "the defendant's conduct was 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Gathright-Dietrich, 2003

WL 1964799, at *2, quoting Kaiser v. Tara Ford, Inc., 248 Ga. App. 481, 488

(2001).  In other words, "the law intervenes only where the distress inflicted is so

severe that no reasonable man could be expected to endure it."  Bozeman v. Per-Se

Techs., Inc., 456 F.Supp.2d 1282, 1364 (N.D. Ga. 2006), quoting Moses v.

Prudential Ins. Co. of Am., 187 Ga. App. 222, 225 (1988).

Plaintiffs' factual allegations fall woefully short of supporting a conclusion

that WWE's conduct was "extreme and outrageous."  Plaintiffs' complaint alleges

nothing more than a business dispute between the parties.  Such allegations, even if

true and even if WWE had somehow acted in bad faith in terminating the parties'

relationship (both of which WWE fundamentally disputes), certainly are not

"utterly intolerable in a civilized society."  See Discovery Point Franchising v.

Miller, 234 Ga. App. 68, 73 (1998) (sharp business practices do not rise to the level

of outrageousness to support a claim for IIED); Frank, 238 Ga. App. at 318 (where

gravamen of Plaintiff's complaint was breach of contract, even if in bad faith, that

"conduct cannot be described as extreme, outrageous, atrocious, intolerable or

beyond the bounds of decency").

Furthermore, the Complaint fails to allege any facts whatsoever regarding

the supposedly severe emotional distress suffered by Hamilton, much less

allegations of distress "so severe that no reasonable man could be expected to

endure it." Rather, Plaintiffs' sole allegations relating to IIED are that WWE's

conduct was "intended to cause Hamilton severe emotional distress," that

"Hamilton suffered severe emotional distress," and that "Hamilton is entitled to

recover for his pain and suffering." Complaint at ¶¶ 43-45. These are "mere

conclusory statements" without factual support, which are "not entitled to be

presumed true" and which cannot withstand a motion to dismiss Ashcroft, 129 S.

Ct. at 1954 (a plaintiff who puts forth only "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements" or "naked assertions

devoid of further factual enhancement" cannot survive a motion to dismiss)

(internal quotes and citations omitted); see also Moe Dreams, 2008 WL 4787493 at

*2, 8-9 (dismissing claim for IIED under the Twombly standard because the

plaintiff relied only on "conclusory allegations unsupported by facts").

   Accordingly, the complete absence of facts to support Hamilton's IIED

mandates that it be dismissed as a matter of law.

**C.    <u>Plaintiffs Have Failed To State A Claim For Intentional Interference With Contractual Or Business Relations</u>**

   Plaintiffs have failed to state a claim for intentional interference with

contractual or business relations for at least three reasons. First, Plaintiffs are

improperly attempting to sue in tort for what is essentially a claim for breach of

contract. Second, Plaintiffs have failed to allege any inducement on the part of the

WWE, which is an essential element of any interference claim.  Third, WWE could not have interfered with Plaintiffs' relationships with the WWE-assigned wrestlers because (a) Plaintiffs and the wrestlers had no contract with which WWE could have interfered, and (b) WWE is not a "stranger" to any business relationship Plaintiffs may have had with the wrestlers.

Georgia courts routinely dispose of such defective tortious interference claims on motions to dismiss.  See, e.g., Atlanta Market Center Management Co. v. McLane, 269 Ga. 604, 609 (1998); Northeast Ga. Cancer Care, LLC v. Blue Cross & Blue Shield of Ga., 297 Ga. App. 28, 33 (2009); LaSonde v. Chase Mortgage Co., 259 Ga. App. 772, 774 (2003); Nicholson v. Windham, 257 Ga. App. 429 (2002); Moore v. BellSouth Mobility, Inc., 243 Ga. App. 674 (2000); Willis v. United Family Life Ins., 226 Ga. App. 661 (1998); Wometco Theatres, Inc. v. United Artists Corp., 53 Ga. App. 509 (1935).

### 1.    Plaintiffs Improperly Attempt to Morph A Claim For Breach Of Contract Into A Tort

Plaintiffs' claims for interference with contractual and business relations are "improper attempt[s] to seek damages in tort for an alleged breach of contract." See Tunison v. Tillman Ins. Agency, 184 Ga. App. 776, 778 (1987) (a plaintiff "may not recover damages in tort for what is essentially an alleged breach of contract").  The only allegations asserted in the Complaint against WWE are that

WWE supposedly failed to perform in accordance with the terms of its agreement with Hamilton and DSW.  Even accepting these allegations as true for the purposes of this motion to dismiss only, such allegations fail to support a cause of action for tortious inference.

Absent a confidential relationship between the parties or a breach of an independent duty outside of the parties' contractual obligations, "a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort."  Pickren v. Pickren, 265 Ga. App. 195, 195 (2004) ("in the absence of injury to life or limb or damage to other property, only a cause of action in contract is available"); see also DaimlerChrysler Motors Co., LLC v. Clemente, 294 Ga. App. 38, 49 (2008) (a "defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law"); Tidikis v. Network for Medical Communications & Research, LLC, 274 Ga. App. 807, 819 (2005) ("a breach of contract cannot constitute a tort unless a special or confidential relationship exists between the parties"); Hudson v. Venture Ind., Inc., 147 Ga. App. 31, 33 (1978) ("Any breach of contract must arise from the contract, and does not give rise to an action for tort, whether or not such breach was negligent or

wil[l]ful.").  None of these unique factors are present here.  Plaintiffs' tort claims,

therefore, fail as a matter of law.

**2.    Plaintiffs Fail to Allege Any Inducement By WWE**

Under Georgia law, the elements of interference with contractual relations

and interference with business relations are substantially the same.  For tortious

interference with contractual relations, a plaintiff must prove (1) the existence of a

valid contract, (2) that the defendant acted without privilege or legal justification,

(3) that the defendant acted intentionally, (4) **that the defendant induced another**

**not to enter into or continue a business relationship with the plaintiff**, and (5)

that plaintiff suffered a financial injury, <u>Atlanta Market</u>, 269 Ga. at 608, while for

tortious interference with business relations, "a plaintiff must show defendant: (1)

acted improperly and without privilege, (2) acted purposely and with malice with

the intent to injure, (3) **induced a third party or parties not to enter into or**

**continue a business relationship with the plaintiff**, and (4) caused plaintiff

financial injury." <u>Renden, Inc. v. Liberty Real Estate Ltd. Partnership III</u>, 213 Ga.

App. 333, 334 (1994) (emphasis added).  Inducement is an "essential element" of

both interference claims. <u>Id.</u> at 335.  And, the failure to sufficiently allege

inducement warrants dismissal on a motion to dismiss. <u>See</u> <u>Wometco</u>, 53 Ga. App.

509 (affirming grant of motion to dismiss where plaintiffs' factual allegations showed "no intermeddling with the relationship created by the contract"). Here, Plaintiffs claim that WWE interfered with DSW's contractual and business relations with "Six Flags, M.A.A.D.A., the American Cancer Society, and others." Complaint at ¶¶ 31, 40, 55. Nowhere, however, do Plaintiffs allege any contact, communication, encouragement, enticement, or inducement of any kind by WWE directed towards these third parties. Indeed, as noted above, the only allegations asserted against WWE are that WWE supposedly failed to perform in accordance with the terms of its agreement with Hamilton and DSW. Such an alleged breach of contract, without more, cannot constitute interference with contractual or business relations. See Wometco, 53 Ga. App. 509, 186 S.E. at 575 (where plaintiffs alleged only that the defendant breached his contract knowing that the breach would disallow a third party from performing under a separate contract with the plaintiff, such allegations "merely show[ed] an act on the part of the defendant with reference to its own affairs," and the claim must be dismissed); see also Watkins & Watkins, P.C. v. Colbert, 237 Ga. App. 775 (1999) (affirming summary judgment for defendant where there was no evidence of inducement); Bell v. Sasser, 238 Ga. App. 843, 852-853 (1999) (same).

In the complete absence of allegations of inducement against WWE,
Plaintiffs' claims for interference with contractual and business relations fail as a
matter of law.

### 3. Plaintiffs Fail to State a Claim for Interference of Contractual or Business Relations with the Wrestlers

Although not entirely clear from the face of Plaintiffs' Complaint, to the
extent that Plaintiffs are alleging interference with contractual or business relations
with the WWE-assigned wrestlers, these claims also fail for at least two reasons.

First, a valid contract is an essential prerequisite of a claim for tortious
interference with contractual relations.    Atlanta Market Center Management Co.
v. McLane, 269 Ga. 604, 608 (1998) ("[T]o prevail on a claim alleging tortious
interference with contract, a plaintiff must establish the existence of a valid
contract."); see also Lake Tightsqueeze, Inc. v. Chrysler First Financial Svcs.
Corp., 210 Ga. App. 178, 181 (1993) ("A cause of action for intentional
interference with contractual rights must be based on the intentional and non-
privileged interference by a third party with *existing* contractual rights and
relations.") (emphasis in original); Moore, 243 Ga. App. at 676 (affirming grant of
motion to dismiss because there was no enforceable contract).

Here, Plaintiffs have not alleged the existence of any "existing contractual
rights" with which WWE could interfere.  To the contrary, Plaintiffs admit the

wrestlers trained at DSW by Hamilton were "under services agreements with WWE."  Complaint at ¶ 8.  Because WWE cannot be liable for interference with a contract which does not exist, any such claims with respect to the wrestlers must fail.

Second, "to be liable for tortious interference, one must be a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract."  Tidikis, 274 Ga. App. at 812; see also Atlanta Market, 269 Ga. at 609 ("all parties to an interwoven contractual arrangement are not liable for tortious interference with any of the contracts or business relationships").  This "stranger doctrine" applies to claims for both interference with contractual and interference with business relations.  All Star, Inc. v. Fellows, 297 Ga. App. 142 (2009).  Whether a defendant is a stranger to the contract or underlying business relationship is a question properly answered by the Court, and Courts routinely grant motions to dismiss accordingly.  See Northeast Ga. Cancer Care, LLC v. Blue Cross & Blue Shield of Ga., 297 Ga. App. 28 (2009) (affirming grant of motion to dismiss claim for interference with business relations because the defendant was not a stranger to the business relationship); LaSonde v. Chase Mortgage Co., 259 Ga. App. 772 (2003) (affirming grant of motion to dismiss claim for interference with contract because the defendant was not a stranger to the

contract); <u>Nicholson v. Windham</u>, 257 Ga. App. 429 (2002) (same).   WWE is not

a stranger to any business relationship between DSW and the wrestlers.

Plaintiffs' own allegations demonstrate that WWE was not a stranger to any

business relationship between Plaintiffs and the wrestlers assigned to DSW.

Indeed, Plaintiffs admit, as discussed above, that the wrestlers actually were under

contract to WWE and that WWE approval and authorized was required for DSW to

schedule any appearances by the wrestlers.  <u>See</u> Complaint at ¶¶ 8, 16, 20, 21.  In

these circumstances, WWE clearly was not a stranger to any relationship Plaintiffs

had with the wrestlers and, therefore, Plaintiffs' claims of interference with

contractual or business relations must be dismissed.

## D.  <u>Plaintiffs' Purported Claim for "Punitive Damages" Must Be Dismissed</u>

Both Hamilton and DSW appear to attempt to assert independent claims for

"punitive damages."  Under Georgia law, however, "a prayer for punitive damages

is not an independent cause of action."  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1093,

n.34 (11th Cir. 2001); <u>Massey v. Kelly, Inc.</u>, 742 F. Supp. 1156, 1158 (N.D. Ga.

1990) ("the Georgia statute for punitive damages is not grounds for an independent

cause of action").  Rather, punitive damages are available only if a plaintiff

prevails on an underlying tort claim, <u>APAC-Southeast, Inc. v. Coastal Caisson</u>

<u>Corp.</u>, 514 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007), <u>citing</u> <u>Flynn v. Allstate Ins.</u>

Co., 268 Ga. App. 222, 222-223 (2004).  Punitive damages "shall never be allowed in cases arising on contracts."  O.C.G.A. § 13-6-10; APAC-Southeast, 514 F. Supp. 2d at 1381, citing Parsells v. Orkin Exterminating Co., 172 Ga. App. 74, 76 (1984).

Because all of Plaintiffs' tort claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' request for "punitive damages"—whether styled as an independent claim or as part of their prayer for relief—should equally be dismissed.  See Johnson v. Waddell, 193 Ga. App. 692 (1989).

**E.    Plaintiffs Have Failed to State A Claim For Breach of Contract**

Plaintiffs' claim for breach of contract is fatally deficient because the Complaint is devoid of allegations as to any contractual obligation that WWE supposedly breached.  Without identifying any specific contractual obligation, the Complaint conclusorily alleges that WWE somehow "breached its contract" with Hamilton and DSW and then goes on to allege damages supposedly resulting from that unidentified breach.

To state a cognizable breach of contract claim, a plaintiff must identify an "explicit term in its contract" with the defendant that allegedly was breached.  See Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) (interpreting Georgia law and dismissing a claim for breach of covenant of fair

dealing because the plaintiff failed to plead sufficiently a breach of contract claim where the plaintiff did not allege "that any explicit term in its contract with [defendant] was breached); <u>Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.</u>, 426 F. Supp.2d 1356 (N.D. Ga. 2006).  Failure to do so is grounds for dismissal under Fed. R. Civ. P. 12(b)(6).  <u>Id.</u>  Moreover, Plaintiffs' vague and imprecise pleading of nothing more than legal "labels and conclusions" has been specifically proscribed by the Supreme Court.  <u>See</u> <u>Ashcroft</u>, 129 S.Ct. at 1948.  As such, Plaintiffs' breach of contract claim should be dismissed.

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

Submitted this 20th day of July, 2009.

*/s/ Cheralynn M. Gregoire*
John L. Taylor, Jr.
jtaylor@ctflegal.com
Otto F. Feil
ofeil@ctflegal.com
Cheralynn M. Gregoire
cgregoire@ctflegal.com
Chorey, Taylor & Feil
A Professional Corporation
The Lenox Building, Suite 1700
3399 Peachtree Road NE
Atlanta, Georgia  30326-1148
404-841-3200
404-841-3221 Facsimile

<u>Of Counsel:</u>

Jerry S. McDevitt
Curtis B. Krasik
K&L Gates LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
412-355-6500
412-355-6501 Facsimile

## <u>CERTIFICATE OF COMPLIANCE WITH FONT SIZE</u>

I certify that the foregoing document complies with the font and point size limitations of LR. 5.1(B), N.D. Ga., and is prepared in Times New Roman 14 point font.

*/s/ Cheralynn M. Gregoire*
Cheralynn M. Gregoire
cgregoire@ctflegal.com
Chorey, Taylor & Feil
A Professional Corporation
The Lenox Building, Suite 1700
3399 Peachtree Road NE
Atlanta, Georgia  30326-1148
404-841-3200
404-841-3221 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH HAMILTON and DEEP SOUTH WRESTLING, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action |
| v. | ) ) | File No. 1:09-cv-1559-HTW |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2009, I electronically filed the **Defendant's Brief in Support of Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

> James D. McGuire
> Georgia Bar No. 493325
> jmcguire@mcklaw.org
> The Law Offices of McGuire, Crohan & Klinger
> 1800 Peachtree Street NW, Suite 514
> Atlanta, Georgia  30309

I hereby certify that I have also mailed Mr. McGuire Defendant's **Brief in Support of Motion to Dismiss** via U.S. Mail, First Class addressed to him at the address set forth above.

*/s/ Cheralynn M. Gregoire*
Attorney for Defendant World
Wrestling Entertainment, Inc.