IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH HAMILTON and DEEP SOUTH WRESTLING, LLC,<br><br>　　Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action<br>)<br>) File No. 1:09-cv-1559-HTW<br>)<br>)<br>)<br>)<br>) |

## INITIAL DISCLOSURES OF DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.

Defendant World Wrestling Entertainment, Inc. ("WWE") pursuant to Local Rule 26.1, hereby submits its Initial Disclosures. WWE reserves the right to amend and/or supplement these Initial Disclosures following a disposition of its pending Motion to Dismiss and after filing a responsive pleading containing its affirmative defenses and counterclaims, in the event it is required to do so. WWE also reserves the right to amend and/or supplement these Initial Disclosures as new or additional information becomes available in this case.

**1.　If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended**

**summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable.

**2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Not applicable.

**3. Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant WWE has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and has therefore not yet filed a responsive pleading. Accordingly, the factual basis for WWE's Motion to Dismiss, based on the allegations of the Plaintiffs' Complaint which are assumed to be true for purposes of a motion to dismiss only, are as follows:

From approximately 2005 to 2007, Plaintiffs Joseph Hamilton ("Hamilton") and Deep South Wrestling, LLC ("DSW") (collectively referred to as the "Plaintiffs") operated a developmental wrestling promotion for the training of

wrestlers under contract to Defendant WWE. Specifically, on or about February 15, 2005, WWE and DSW entered into a talent exchange agreement. Pursuant to the talent exchange agreement, DSW promoted wrestling shows primarily designed to train wrestlers under services agreements with WWE, who WWE had assigned to DSW for training. Hamilton operated DSW and was the principal trainer for the WWE-assigned wrestlers. WWE and Hamilton entered into a contract dated January 1, 2005 with respect to such consulting services. On or about April 2007, WWE terminated its relationship with Plaintiffs.

WWE reserves the right to amend and/or supplement this response following a disposition of its pending Motion to Dismiss and after filing a responsive pleading containing its affirmative defenses and counterclaims, in the event it is required to do so.

**4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

In its Motion to Dismiss, Defendant WWE relies on the following statute and illustrative case law to establish that Plaintiff Hamilton has failed to state a claim for intentional infliction of emotional distress:

O.C.G.A. § 9-3-33 (2009); Smith v. Tandy Corp., 738 F. Supp. 521, 522 (S.D. Ga. 1990); Blue View Corp. v. Bell, ---S.E.2d---, Nos. A09A0325, A09A0326, 2009 WL 1331490, at *1 (Ga. Ct. App. May 14, 2009); Willis v. United Family Life Ins., 226 Ga. App. 661, 666 (1998), cert. denied Jan. 5, 1998; Gathright-Dietrich v. Atlanta Landmarks, Inc., No. 1:02-CV-1978, 2003 WL 1964799, at *2 (N.D. Ga. Apr. 22, 2003); Moe Dreams, LLC v. Sprock, No. 1:08-CV-0196-RWS, 2008 WL 4787493, at *9 (N.D. Ga. Oct. 27, 2008); Bozeman v. Per-Se Techs., Inc., 456 F.Supp.2d 1282, 1364 (N.D. Ga. 2006); Discovery Point Franchising v. Miller, 234 Ga. App. 68, 73 (1998).

In its Motion to Dismiss, Defendant WWE relies on the following illustrative case law to establish that the Plaintiffs have failed to state a claim for intentional interference with contractual or business relations:

Atlanta Market Center Management Co. v. McLane, 269 Ga. 604, 609 (1998); Northeast Ga. Cancer Care, LLC v. Blue Cross & Blue Shield of Ga., 297 Ga. App. 28, 33 (2009); LaSonde v. Chase Mortgage Co., 259 Ga. App. 772, 774 (2003); Nicholson v. Windham, 257 Ga. App. 429 (2002); Moore v. BellSouth Mobility, Inc., 243 Ga. App. 674 (2000); Wometco Theatres, Inc. v. United Artists Corp., 53 Ga. App. 509 (1935); Tunison v. Tillman Ins. Agency, 184 Ga. App. 776, 778 (1987); DaimlerChrysler Motors Co., LLC v. Clemente, 294 Ga. App. 38, 49

(2008); Tidikis v. Network for Medical Communications & Research, LLC, 274 Ga. App. 807, 819 (2005); Hudson v. Venture Ind., Inc., 147 Ga. App. 31, 33 (1978); Renden, Inc. v. Liberty Real Estate Ltd. Partnership III, 213 Ga. App. 333, 334 (1994); Watkins & Watkins, P.C. v. Colbert, 237 Ga. App. 775 (1999); Bell v. Sasser, 238 Ga. App. 843, 852-853 (1999); Lake Tightsqueeze, Inc. v. Chrysler First Financial Svcs. Corp., 210 Ga. App. 178, 181 (1993); All Star, Inc. v. Fellows, 297 Ga. App. 142 (2009).

In its Motion to Dismiss, Defendant WWE relies on the following statute and illustrative case law to establish that the Plaintiffs' request for punitive damages—whether styled as an independent claim or as part of their prayer for relief—should be dismissed as a matter of law:

O.C.G.A. § 13-6-10; Byrne v. Nezhat, 261 F.3d 1075, 1093, n.34 (11th Cir. 2001); Massey v. Kelly, Inc., 742 F. Supp. 1156, 1158 (N.D. Ga. 1990); APAC-Southeast, Inc. v. Coastal Caisson Corp., 514 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007); Johnson v. Waddell, 193 Ga. App. 692 (1989).

In its Motion to Dismiss, Defendant WWE relies on the following illustrative case law to establish that the Plaintiffs have failed to state a claim breach of contract:

Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990); Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C., 426 F. Supp.2d 1356 (N.D. Ga. 2006).

WWE reserves the right to amend and/or supplement this response following a disposition of its pending Motion to Dismiss and after filing a responsive pleading containing its affirmative defenses and counterclaims, in the event it is required to do so.

**5.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**6.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

At this time, Defendant WWE has not retained any expert witnesses. Defendant WWE reserves the right to supplement this response at the appropriate time.

**7.    Provide a copy of, or description by category and location of, all documents, data compilation, and tangible things in your possession, custody, or control that you may use to support your claims and defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**8.    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable.

**9.     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Not applicable.

**10.    Attach for inspection and copying under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)**

Not applicable.

This 19th day of August, 2009.

            Respectfully submitted,

            */s/ John L. Taylor, Jr.*
            John L. Taylor, Jr.
            jtaylor@ctflegal.com
            Otto F. Feil
            ofeil@ctflegal.com
            Cheralynn M. Gregoire
            cgregoire@ctflegal.com
            Chorey, Taylor & Feil
            A Professional Corporation
            The Lenox Building, Suite 1700

                                        3399 Peachtree Road NE
                                        Atlanta, Georgia  30326-1148
                                        404-841-3200
                                        404-841-3221 Facsimile

                                        *Attorneys for Defendant World Wrestling Entertainment, Inc.*

<u>Of Counsel:</u>

Jerry S. McDevitt
Curtis B. Krasik
K&L Gates LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
412-355-6500
412-355-6501 Facsimile

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH HAMILTON and DEEP SOUTH WRESTLING, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action ) ) File No. 1:09-cv-1559-HTW |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) ) ) |
| Defendant. | ) ) |
| _____ | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2009, I electronically filed the **Defendant World Wrestling Entertainment, Inc.'s Initial Disclosures** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

> James D. McGuire
> Georgia Bar No. 493325
> jmcguire@mcklaw.org
> The Law Offices of McGuire, Crohan & Klinger
> 1800 Peachtree Street NW, Suite 514
> Atlanta, Georgia  30309

I hereby certify that I have also mailed Mr. McGuire **Defendant World Wrestling Entertainment, Inc.'s Initial Disclosures** via U.S. Mail, First Class addressed to him at the address set forth above.

This 19th day of August, 2009.

/s/ Cheralynn M. Gregoire
*Attorney for Defendant World Wrestling Entertainment, Inc.*

## **ATTACHMENT A**

Defendant WWE reserves the right to supplement this response as appropriate as discovery goes forward. Witnesses who may have knowledge:

1. John Laurinaitis

# ATTACHMENT C

Defendant WWE identifies the following documents that it may use to support its defenses in this action:

1. February 15, 2005 Talent Exchange Agreement between Deep South Wrestling, LLC and World Wrestling Entertainment, Inc.

2. January 1, 2005 Consulting Agreement between World Wrestling Entertainment, Inc. and Joseph Hamilton.

Defendant WWE reserves the right to supplement this response, as appropriate, as discovery goes forward.