IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH HAMILTON and DEEP :
SOUTH WRESTLING, LLC,

    Plaintiffs,

vs.                                     Civil Action
                                      File No.1:09-CV-1559-HTW

WORLD WRESTLING
ENTERTAINMENT, INC.,

    Defendant.

<u>PLAINTIFF'S ANSWERS TO MANDATORY DISCLOSURES</u>

**Comes now** the Plaintiffs, JOSEPH HAMILTON and DSW, and hereby submit Answers to Mandatory Disclosures pursuant to Rule 26.1 of the Local Rules of the United States District Court for the Northern District of Georgia.

**<u>Disclosure 1:</u>**

State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**<u>Response:</u>**

1

**A. Cause of Action.**

This action is based on Contract and claims of tortious interference with contactual rights and business relations. The actions of the Defendant were intentional or of want of care giving rise to a cause for punitive damages.

**B. Brief Factual Outline.**

Hamilton and DSW were under contract with WWE to train individual wrestlers to become experienced to participate in events for both WWE and DSW. The contracts between the parties provided that either party could terminate the agreement by providing 90 days written notice of the termination. Hamilton and DSW had scheduled events for the individual wrestlers to perform. Some of the events were scheduled as a joint effort between DSW and WWE. Other events were exclusive to DSW. Numerous events were scheduled commencing April 21, 2007 and continuing there after. On April 18th, 2007, unannounced and without justification employees and agents of the Defendant arrived at the DSW wrestling location and gutted the operation of Hamilton and DSW. During the evening of the 18th, John Laurinaitis advised the wrestlers that they could have no further dealings with either DSW or Hamilton or suffer career ending results. DSW and Hamilton did not receive the compensation for

the 90 days termination requirement. DSW suffered additional damages for its inability to perform contractual obligations with the American Cancer Society and others. Defendants actions were intended to cause harm to both Hamilton and DSW.

    C. **Legal Issues.**

       1. Whether WWE violated its contractual obligations to each of the Plaintiffs by failing to provide the required notice and paying the compensation due under the contract.

       2. Whether WWE's actions in gutting the DSW facility and coercing the wrestlers from performing on behalf of the Plaintiffs amounted to intentional interference with contractual rights.

       3. Whether WWE's actions in gutting the DSW facility and coercing the wrestlers from performing on behalf of the Plaintiffs amounted to intentional interference with business relations.

       4. Whether WWE's actions were intentional or show a conscience indifference to the consequences entitling the Plaintiffs to an award of punitive damages.

**DISCLOSURE** 2

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Response:**

        O.C.G.A.    51-1-1

        O.C.G.A.    51-10-3

        O.C.G.A.    51-2-2

        O.C.G.A.    51-12-5

        O.C.G.A.    51-12-6

        O.C.G.A.    51-12-31

        O.C.G.A.    13-6-6 through 13-6-11

        O.C.G.A.    13-6-4

CASE LAW

        Tortious interference with Contractual relations _Atlanta Market Center Management Co. v. McLane,_ 269 Ga. 604, ( 1998)

        Tortious interference with business relations _Renden, Inc. v. Liberty_

Reals Estate Ltd. Partnership III., 213 Ga. App. 333 ( 1994)

**Disclosure 3:**

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, identifying the subjects of information. (Attach witness list to Answers to Mandatory Disclosures as Attachment A.)

**Response:**  See **Attachment "A"**

**Disclosure 4:**

Provide the name of any person who may be used at trial to present evidence under the Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule. (Attach expert witness list and written reports to Responses to Mandatary Disclosures as Attachment B.)

**Response:**  See **Attachment "B"**

**Disclosure 5:**

Provide a copy of, or a description by category and location of, all

documents, data compilations, and tangible things in your possession, custody or control that are relevant to disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Responses to Mandatory Disclosures as Attachment C).

**Response:**  See **Attachment "C"**

**Disclosure 6:**

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under /F.R.Civ.P. 34. (Attach any copies and descriptions to Responses to Mandatory Disclosures as Exhibit D.)

**Response:**			See **Attachment "D"**

**Disclosure**7:

Attach for inspection and copying as under F.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be

liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Responses of Mandatory Disclosures as Attachment E.)

**Response:**

**Disclosure 8:**

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**Response:**

Not applicable.

ATTACHMENT "A"

Joseph Hamilton

Mike Bucci                                1-866-913-1958

Joe Perkins, WWE

John Laurinaitis, WWE

Vince McMahon, WWE

Ty Bailey, WWE

Larry Haber, Comcast              770-559-2817

Sara Murton                              678-656-9483

John Davis, WWE

Gustavo Padilla, Azteca Grill    678-284-1314

Ruben Rowe, Shumard LLC

George Murdock                       404-660-2986

Shantelle Malawski                   416-540-4080

Kristen Euwbanks                     336-215-7382

Bryan Myers                             516-551-9877

Keith Walker                            773-732-5383

Eric Perez                                 787-238-1661

| | |
|---|---|
| Ryan Prameter | 770-771-1458 |
| Chris Guy | 573-746-1386 |
| Tom Pritchard | 203-912-3080 |

ATTACHMENT "B"

NO EXPERT IDENTIFIED

ATTACHMENT "C"

**Email-**

Murton to Laurinaitis          04/18/2007

Laurinaitis to Hamilton        02/02/2007

Laurinaitis to Hamilton        04/06/2007

Murton to Laurinaitis          02/11/2007

**Photographs —**

(6) depicting removal DSW property on 04/18/2007

**Contracts -**

Deep South Wrestling/American Cancer Society

Deep South Wrestling/Six Flags

Deep South Wrestling/Jonesboro High School

Joe Hamilton/WWE

Deep South Wrestling/WWE

Contract DSW/ACS

Lease Contract

Architectural Plans

ATTACHMENT "D"

Contractual damages in the amount of sixteen thousands dollars ($16,000.00) per month for a minimum of three months, consequential damages, punitive damages. Damages arising from tortious interference with business and contractual relations. Including damages arising from DSW and Hamilton's inability to complete contractual obligations.

Respectfully submitted by:

/s/ James D. McGuire
James D. McGuire
Georgia Bar No. 493325
jmcguire@mcklaw.org

The Law Offices of McGuire, Crohan & Klinger
1800 Peachtree Street, NW, Suite 514
Atlanta, Georgia 30309
(404) 525-6800

Attorney for Plaintiffs Joseph Hamilton and Deep South Wrestling, LLC

/s/ John L. Taylor, Jr.
John L. Taylor, Jr.
Georgia Bar No.
jtaylor@ctflegal.com

Otto F.
Georgia Bar No.
ofeil@ctflegal.com

Cheralynn M. Gregoire
Georgia Bar No. 309760
cgregoire@ctflegal.com

CHOREY, TAYLOR & FEIL,
  a Professional Corporation
3399 Peachtree Road, N.E.
Suite 1700, The Lenox Building
Atlanta, Georgia 30326
Telephone: (404) 841-3200
Facsimile: (404) 841-3221

and

/s/ Jerry D. McDevitt
Jerry S. McDevitt
Curtis Krasik
K&L Gates, LLP
535 Oliver Building
Pittsburg, PA 15222
(412) 355-6500
(412) 355-6501

Attorneys for Defendant World Wrestling Entertainment, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH HAMILTON and DEEP :
SOUTH WRESTLING, LLC,

    Plaintiffs,

vs.                                          Civil Action
                                             File No.1:09-CV 1559-HTW

WORLD WRESTLING
ENTERTAINMENT, INC.,

    Defendant.

## CERTIFICATE OF SERVICE

COMES NOW counsel for Plaintiff and certifies that on August 19, 2009, I electronically filed Plaintiffs' Answers to Mandatory Disclosures, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John L. Taylor, Jr.
j.taylor@ctflegal.com
Chorey, Taylor and Fell
A Professional Corporation
The Lenox building, Suite 1700
3399 Peachtree Road, NE
Atlanta, Georgia 30326-1148
(404) 841-3200

jmcguire@mcklaw.org

This the 19th day of August, 2009.

                                                  s/ James D. McGuire
                                                  James D. McGuire

McGuire, Crohan & Klinger
*Not A Partnership*
1800 Peachtree Street, Suite 514
Atlanta, Georgia 30309
(404) 351-8500 (404) 351-8805 fax